UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                          Case No. 17-CR-20298
                                          Hon. Matthew F. Leitman

JAMES ELBERT,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR COMPASSIONATE RELEASE (ECF No. 105)

In 2017, Defendant James Elbert pleaded guilty to one count of kidnapping in violation of 18 U.S.C. §§ 1201(a) and 2 and one count of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (*See* Rule 11 Plea Agmt., ECF No. 44.)  The Court sentenced Elbert to two concurrent terms of 260 months in prison. (*See* Judgment, ECF No. 65, PageID.335.)  Elbert has now filed a *pro se* motion for compassionate release. (*See* Mot., ECF No. 105.)  For the reasons explained below, that motion is **DENIED.**

I

A

Elbert's conviction and sentence arose out of his role in (1) kidnapping a victim who owed him a drug debt and (2) holding the victim for ransom. (*See* Rule

1

11 Plea Agmt., ECF No. 44, PageID.167.) In March 2017, Elbert traveled from Arkansas to Michigan with an associate to collect a drug debt from an individual known as "J.H." (*See id.*) After threatening to kill J.H. if he could not make the payment, Elbert and his associate kidnapped J.H. at gunpoint, bound him to a chair, placed a bag over his head, and placed several phone calls to his family members demanding a ransom for his release. (*See id.*)

On March 1, 2018, the Court sentenced Elbert to concurrent terms of 260 months for his crimes. (*See* Judgment, ECF No. 65.) On November 1, 2022, approximately four and a half years into his lengthy sentence, Elbert filed a *pro se* motion for compassionate release. (*See* Mot., ECF No. 105.) In that motion, Elbert argues that "family circumstances, COVID-19's unprecedented dangers, and his now obsolete career offender and armed career offender status constitute 'extraordinary and compelling reasons' warranting compassionate release." (*Id.*, PageID.723.)

**B**

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Id.* Section 3582(c)(1)(A) describes when a court may grant compassionate release:

2

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Court of Appeals for the Sixth Circuit has explained that the following framework governs motions for compassionate release filed by inmates:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id.* at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022).

## II

The Court proceeds directly to the Section 3553(a) factors in this case, which weigh heavily against any reduction in Elbert's sentence. First and foremost, the serious nature and circumstances of Elbert's offense counsel strongly against compassionate release. As Elbert acknowledged in his Rule 11 Plea Agreement, he and his accomplice traveled from Arkansas to Michigan to threaten J.H. over a drug debt, kidnapped him at gunpoint, bound and gagged him, and called his family to demand a ransom in exchange for his life. (*See* Rule 11 Plea Agmt., ECF No. 44, PageID.167-168.) Second, Elbert's personal history and characteristics – including the fact that he has three prior Michigan drug offenses – weigh against compassionate release. (*See* Order Denying Def. Mot. to Vacate, ECF No. 101, PageID.710.) Third, the goals of deterrence and of imposing sufficient punishment would not be satisfied by releasing Elbert now because he has only served a fraction of the 260-month sentence he received for a serious offense. Fourth, the goal of protecting the public from further crimes by Elbert would be undermined by releasing him now. Finally, there is not a single Section 3553(a) factor that weighs in favor of releasing Elbert at this time.

## III

For all of the reasons explained above, because the Section 3553(a) factors weigh so heavily against release, Elbert's motion for compassionate release (ECF No. 105) is **DENIED.**

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated:  November 16, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 16, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126