UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 17-cr-20298-1
    Hon. Matthew F. Leitman

D1, JAMES ELBERT,

    Defendant.

_____/

**ORDER TRANSFERRING TO THE UNITED STATES COURT
OF APPEALS FOR THE SIXTH CIRCUIT DEFENDANT'S SECOND
OR SUCCESSIVE MOTION TO VACATE HIS SENTENCE
UNDER 28 U.S.C. §2255 (ECF No. 109)**

On October 25, 2017, Petitioner James Elbert pled guilty to one count of kidnapping, in violation of 18 U.S.C. §§ 1201(a), and one count of felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (*See* Rule 11 Plea Agreement, ECF No. 44, PageID.166.) On March 1, 2018, the Court sentenced Elbert to 260 months on each count, to be served concurrently. (*See* Judgment, ECF No. 65, PageID.335.) Elbert did not file a direct appeal. Instead, Elbert filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (*See* Mot., ECF No. 74.) The Court denied that motion on June 8th, 2021. (*See* Opinion and Order, ECF No. 101.) The Court also declined to issue a certificate

1

appealability. (*See id*.) The Sixth Circuit likewise declined to grant a certificate of appealability. (*See* ECF No. 108, PageID.712.)

In the present motion, Elbert seeks for a second time to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255. (See ECF No. 109.) Under § 2255, a "second or successive motion," like the one filed by Elbert, is permitted where the movant seeks relief based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The determination as to whether the rule upon which a movant seeks relief satisfies this standard must be made by "a panel of the appropriate court of appeals" – here, the Sixth Circuit. *Id.*

In the motion before the Court, Elbert argues that the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), renders the statutes underlying his conviction for being a felon possession of ammunition – 18 U.S.C. §§ 922(g)(1) and 924(e) – unconstitutional as applied to him. Elbert further insists that *Bruen* "announced a new rule of law that is retroactive" and that this Court therefore has "jurisdiction" to hear and decide his motion. (Mot., ECF No. 109, PageID.775.)

Regardless of the merit of Elbert's claim that *Bruen* announced a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2255(h)(2), it is clear from the plain language of § 2255 itself

2

that Elbert must seek authorization from the Sixth Circuit, and not this Court, in order to pursue a "second or successive" collateral challenge to his conviction and sentence. *See* 28 U.S.C. § 2255(h) (mandating that a "second or successive motion must be certified as provided in [ 28 U.S.C. §] 2244 by a panel of the appropriate court of appeals"); *see also In re Sims*, 111 F.3d 45, 46 (6th Cir. 1997). Accordingly, the Court cannot act upon Elbert's motion, but instead must transfer this matter to the Sixth Circuit for its determination whether Elbert should be granted the requisite authorization to file the present motion, his second under § 2255. *See* 28 U.S.C. § 1631; *In re Sims*, 111 F.3d at 47.

For all of these reasons, the Court **DIRECTS** the Clerk of the Court to **TRANSFER** this motion to the United States Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 11, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 11, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

3